IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| CLAY V. JACKSON | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| V. | * | NO: 4:11CV00905 SWW |
| | * | |
| FIREMAN'S FUND INSURANCE | * | |
| COMPANY and ARKANSAS | * | |
| WORKERS COMPENSATION | * | |
| COMMISSION | | |

## **ORDER**

Plaintiff Clay V. Jackson, proceeding *pro se*, brings this action against Fireman's Fund Insurance Company ("Fireman's Fund") and the Arkansas Workers Compensation Commission. Before the Court is Fireman's Fund's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (docket entries #7, #8), Jackson's response in opposition (docket entry 22), and Fireman's Fund's reply (docket entry #24). After careful consideration, and for reasons that follow, the motion to dismiss will be granted, and this action will be dismissed with prejudice.

In deciding whether Jackson states a claim for which relief can be granted, the Court must accept the factual allegations in the complaint as true and hold Jackson's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers . . . ." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal pleading standards apply only to factual allegations. *See Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). To state a claim for relief, a *pro se* pleading must set forth allegations sufficient to state a claim as a matter of law and must not contain merely conclusory allegations. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Jackson filed this action on a form complaint intended for employment discrimination cases, alleging that Defendants discriminated against him on the basis of disability and race by failing to pay him insurance benefits for an on-the-job injury. According to the complaint allegations, Defendants discriminated against him in 1987 when they denied his application for benefits for physical injuries he suffered while working for non-party Charles Brooks. Jackson acknowledges that he has never worked for either defendant. *See* docket entry #22.

Jackson fails to allege facts to support claims for disability or race discrimination. The complaint shows only that Jackson has been involved in a protracted dispute over a claim for insurance benefits. Jackson presents no facts suggesting that his race or disability played a role in that dispute.

Even with the benefit of liberal construction, Jackson's complaint does not describe any acts or omissions on the part of either defendant that would entitle him to relief under any federal civil rights statute. Accordingly, Jackson's complaint fails to state a claim upon which relief can be granted.

IT IS THEREFORE ORDERED that Defendant's motion to dismiss (docket entry #7) is GRANTED. Pursuant to the judgment entered together with this order, this action is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED THIS 14th DAY OF MARCH, 2012.

<u>/s/Susan Webber Wright</u>
UNITED STATES DISTRICT JUDGE